# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1852, AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. CALEB CUSHING,

---

## SPENCER FIELD *vs.* CITY OF BOSTON.

The plaintiff residing in Barre, hired a store in Boston every year, from the 1st of December to the 1st of March, and kept a stock of goods there for sale during that period, but had no establishment there on the 1st of May. *Held*, that the stock was not taxable in Boston, even since *St.* 1839, *c.* 139.

Assumpsit to recover back a tax assessed upon the plaintiff's stock of goods in Boston. It was submitted to the court of common pleas, held by *Hoar*, J. upon the following facts.

The tax was paid under protest. The assessment of the tax was made upon an alleged possession by the plaintiff, of a stock of goods in the city of Boston. The plaintiff is a merchant residing in the town of Barre, in the county of Wor-

6 *

cester. He has a store and stock of goods there. A large part of his business consists in the purchase of materials for the manufacture of palm-leaf hats, and procuring their manufacture. The leaf is taken to his store in Barre, and is there put out to various persons employed to manufacture it into hats. The hats are all returned to his store. About the first of the month of December, in each year, the plaintiff hires a part of a store in the city of Boston, where he causes his hats to be deposited. The lease is for three months. During that time he is in Boston, and making sale and delivery of his hats. The delivery comprehends all those sold to merchants from New York and the south, and includes all that he has received orders for at Barre, as well as those sold at Boston. On the first of March, his lease of the store in Boston is paid off, all the property is disposed of, and he returns to Barre leaving no property of any kind in Boston. For all his stock in trade he is taxed in the town of Barre. The palm leaf business constitutes much the largest part of his stock in trade.

Judgment was entered for the plaintiff upon the foregoing statement of facts, for the amount of the tax and interest. The defendants appealed. The case was argued as of the September term, 1851.

*P. W. Chandler*, (city solicitor,) for the defendants.

1. The case finds that the plaintiff in each year hires part of a shop in Boston, where he makes sale of his goods, and which he occupies for all necessary purposes connected with such sales. He consequently is liable to taxation in Boston, by virtue of *St.* 1839, *c.* 139, § 1. See also the case of *Little* v. *Greenleaf*, 7 Mass. 236, and Rev. Sts. *c.* 7, § 10, cl. 1st.

2. If the plaintiff is liable to pay *any* tax in Boston, he cannot recover in this action. *Osborn* v. *Danvers*, 6 Pick. 98.

*B. F. Thomas*, for the plaintiff.

DEWEY, J. The *St.* of 1839, *c.* 139, gives no authority for taxation in a case like the present. It assumed, as applicable to the case of taxing stocks in trade, that the party to be taxed had hired or occupied a store or shop in the place where such stocks in trade were to be taxed, on the 1st day of May of the

year in which taxes were assessed. This period of the 1st of May in each year is the time in reference to which the valuation and assessment of taxes were to be made. The Rev. Sts. *c.* 7, § 7, provide "that all taxes on real estate shall be assessed in the town where the estate lies, to the person who shall be either the owner or in possession thereof on the 1st day of May."

. Sec. 9 provides that "all personal estate shall be assessed to the owner in the town where he shall be an inhabitant on the first day of May."

With this landmark as to the time when the party must be the owner or in possession of the store or shop, to subject him to taxation therefor, it is very easy to see the extent of the modification of the former statutes that was designed to be introduced by statute 1839, *c.* 139.

The purpose was to reach the goods or stock in trade of one who was thus in possession, on the 1st of May, of his shop or store. It was thought reasonable that the goods or stock in trade, attached to such shop or store, and designed to be sold there, should be taxed in the same town with the shop or store, and that the party should not avoid his proper assessment by permitting a portion of his stock in trade to remain in other towns until after the 1st of May, and after the period for taxation had elapsed, to place the same in such shop or store.

It was such goods, so designed to comprise the stock in trade of one hiring or occupying a shop or store on the 1st of May, that the statute was intended to reach. To give to the statute the reading contended for by the defendants, would violate the principle of annual taxation, and would subject the party to a renewed taxation for the same property in as many different towns, and as many times repeated during the year as he might find it convenient to change his location for business. The rule of law is now as heretofore. An individual is liable to town taxation for the same property only in one town during the year, and that town is to be fixed by the provisions of our statutes. As to real estate, it is to be taxed where the

same is situated, and personal estate to the owner thereof on the 1st of May.

If the plaintiff was the hirer or occupier of any shop or store in Boston, on the 1st of May, then he was liable to be taxed for the same, and then the *St.* of 1839, *c.* 139, attaches to all the stock in trade connected with it, wherever it may be, and makes that liable to taxation with the shop or store. Then, also, another consequence follows, viz: that such stock of goods are not liable to be taxed elsewhere. Thus the symmetry of the law of taxation is preserved.

But in the present case the plaintiff was not the hirer or occupier of any shop or store in Boston on the 1st of May. The facts agreed show that he begins business in Boston seven months after that period, and two months before the 1st of May subsequently, all his stock in trade is disposed of, his store in Boston relinquished, and he returns to Barre, leaving no property of any kind in Boston. There was no taxable property of the plaintiff in Boston on the 1st of May, for the statute to operate on; there was no shop or store of the plaintiff in Boston to which these goods could be constructively attached as stock in trade. On the other hand, the plaintiff was, on the 1st of May, a merchant residing and doing business in the town of Barre, he having a store and stock of goods there. For his personal estate not legally taxable elsewhere, he was by the general law to be taxed in Barre. The plaintiff was not liable to taxation for any stock in trade in Boston, on the 1st of May. It was entirely uncertain whether he would take a store there in December following. His use of one for a portion of the previous year had terminated on the 1st of March, and he had withdrawn wholly from Boston, and was no more liable to be taxed there on the 1st of May, for personal property, than any other person who had removed from Boston sixty days before the 1st of May.

*Judgment for the plaintiff affirmed.*